UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORI M. MORGAN,

        Plaintiff,

v.

                                                  Case No. 22-cv-1353-pp

KILOLO KIJAKAZI,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

        To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has a 17-year-old son she is responsible for supporting; although she lists as zero the amount of support provided each month. Dkt. No. 3 at 1. The only income listed by the plaintiff is $285 per month in SNAP benefits; that is also the total amount of

1

the plaintiff's monthly expenses. Id. at 2-3. The plaintiff does not own a car, a home or any other property of value and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am currently homeless. I am not paying child support while I pursue disability. I have been in and out of shelters." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she is appealing a decision by the Commissioner to deny benefits for lack of disability. Dkt. No. 1 at 1. The plaintiff states that she is disabled and that the Commissioner's conclusions and findings of fact when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of

the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 17th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**